1    CARLEEN R. ARLIDGE [SBN79725]
     Attorney At Law
2    1550 The Alameda, Suite 100
     San Jose, California 95126
3    Telephone: (408) 288-8533
     Email: craatty@aol.com
4
     Attorney for Defendant
5

6                    UNITED STATES DISTRICT COURT

7                    NORTHERN DISTRICT OF CALIFORNIA

8
     UNITED STATES OF AMERICA,        )    No. 18-CR-00260 EJD
9                                      )
              Plaintiff,               )    DEFENDANT'S MOTION FOR
10                                     )    JUDGMENT OF ACQUITTAL AND
           vs.                         )    MOTION FOR A NEW TRIAL;
11                                     )    SUPPORTING MEMORANDUM
                                       )    OF POINTS AND AUTHORITIES
12   NAHEED MANGI,                     )
                                       )
13            Defendant.               )
                                       )
14   _____ )

15

16                              **MOTION**

17        Defendant Naheed Mangi, by and through counsel, hereby moves this Court for an order setting

18   aside the verdict and entering an acquittal as to Counts 1, 2 and 3 of the Indictment.  This motion is

19   based upon the Memorandum of Points and Authorities that follows.

20

21   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS**

22                **GENERAL STATEMENT OF THE LAW**

23        Rule 29(a) of the Federal Rules of Criminal Procedure provides that the court on the

24   defendant's motion must enter a judgment of acquittal of any offense for which the evidence is

25   insufficient to sustain a conviction.  As noted by the Ninth Circuit, such motion is reviewed on

26   a sufficiency-of-the-evidence standard.  *United States v. Graf*, 610 F.3d 1148, 1166 (9th

27   Cir.2010) (quoting *United States v. Stoddard*, 150 F.3d 1140, 1144 (9th Cir. 1998)).  Further,

28   under that standard, evidence supports a conviction, if, viewed in the light most favorable to the

1    government, it would allow any rational trier of fact to find the essential elements of the crime

2    beyond a reasonable doubt." *Id*. (quoting *Stoddard*, 150 F.3d at 1144).

3        Rule 33(a) of the Federal Rules of Criminal Procedure states that upon a defendant's

4    motion, the court may vacate any judgment and grant a new trial if the interest of justice so

5    requires.

6                                   **FACTUAL OVERVIEW**

7        Ms. Mangi is charged in Count One of the Indictment with, essentially, knowingly causing the

8    transmission of information that results in causing damage without authorization to a protected

9    computer and thereby causing a loss of more than $5,000.  The specific code section alleged is 18

10   U.S.C. §§1030(a)(5)(A), (c)(4)(B)(i), (c)(4)(A)(i)(I).   In Count Two Ms. Mangi is charged with,

11   essentially, knowingly causing the transmission of information that results in the modification or

12   impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment,

13   or care of 1 or more individuals.  The specific code section alleged is 18 U.S.C. §§1030(a)(5)(A),

14   (c)(4)(B)(i), (c)(4)(A)(i)(II). Each of these two counts allege the transmission of information as opposed

15   to accessing a computer.  However, in Count Three Ms. Mangi is, essentially, charged with intentionally

16   accessing a protected computer without authorization and obtaining information.  The specific code

17   section alleged is 18 U.S.C. §§1030(a)(2)(C).

18       Following the close of evidence, as to Counts One and Two, the jury was charged with case-

19   modified versions of 9th Cir. Model Criminal Instruction No. 15.27; stating the alleged action as

20   transmission, not accessing, within the first element.  And for Count Three, the jury was charged with

21   a case-modified version of 9th Cir. Model Criminal Instruction No. 15.24; stating the alleged action as

22   accessing a computer, not transmitting.

23                                **THE APPLICABLE STATUTES**

24       18 U.S.C. §1030[1] has many different crimes included within it, some concern the act of

25   accessing a computer and others concern the act of transmitting of information.  For example,

26   §1030(a)(5)(A), the crimes charged in this case, concern transmitting while §1030(a)(5)(B) concerns

27   accessing and is not charged in this case.

28

---

[1] Unless otherwise stated, all references to code sections refer to Title 18 of the United States Code.

1    18 U.S.C. §1030 also has different penalties included within it, depending, in part, on the

2  consequences of the act. For example, when the conduct is charged under §1030(a)(5)(A) and there is

3  an allegation that the transmission caused a monetary loss of more than $5,000, the penalty is listed

4  under §§1030(c)(4)(B)( i), (c)(4)(A)( i)(I). As another example, when the conduct is charged under

5  §1030(a)(5)(A) and there is an allegation that the transmission caused harm regarding certain medical

6  matters for one or more individuals, the penalty is listed under §§1030(c)(4)(B)( i), (c)(4)(A)( i)(II).

7                                          **ARGUMENT**

8
**A.    The Evidence Is Insufficient to Establish That Ms. Mangi Caused Any Transmission as**
9  **Alleged in Counts One and Two.**

10    At the trial, the Government alleged that Ms. Mangi was the person who used the Samsung

11  computer found by law enforcement at her apartment during the search to transmit information to the

12  CMed database through the AT&T WiFi account assigned to her. The evidence presented in this case

13  is insufficient to establish that the Samsung introduced into evidence was the computer that was used

14  for the transmission to the database. The evidence is insufficient to establish that Ms. Mangi was the

15  person who transmitted the information to the database.

16
**B.    The Evidence Is Insufficient to Establish That Ms. Mangi's Transmission Caused Harm**
17  **through a Modification or Impairment, or Potential Modification or Impairment, of the**
    **Medical Examination, Diagnosis, Treatment, or Care of an Individual as Alleged in Count**
18  **Two.**

19    While accurately reflecting the Indictment in this case, the instructions to the jury and the verdict

20  returned by the jury as to Count Two inaccurately reflects the applicable code section. Therefore, the

21  verdict should be set aside and an acquittal entered as to that Count.

22    In this case, Count Two is a charge of transmitting, not accessing. The applicable subdivision

23  of §1030(a)(5) when charging conduct involving transmitting is (A). While the applicable subdivision

24  of §1030(a)(5) when charging conduct involving accessing is (B).

25    When the crime charged concerns transmitting, as it does in this case, the facts to be established

26  for the purpose of determining sentence falls under §1030 subdivision (c)(4)(B)(i) along with §1030

27  subdivision (c)(4)(A)(i)(II). Therefore, by the specific language of under §1030 subdivision (c)(4)(B)(i),

28  it is required that the defendant's transmission **caused a harm.**

---

**DEFENDANT MANJI'S RULE**
**29 AND 33 MOTIONS**                            3

1    At trial, the Government's argument essentially was that the charge is proven if, down the line,

2 over a period of time, irrespective of other safeguards, the transmission might cause a modification or

3 impairment of a person's medical examination, diagnosis, treatment or care of an individual.   This

4 potential to cause harm argument is an inaccurate reading of the statute when the crime charged is one

5 of transmitting.

6    In requiring that harm was caused, there is no language in that subsection allowing for

7 consideration of "potential" to cause harm.  Further, the import of the inclusion of the requirement of

8 (actually) causing harm in the subdivision pertaining to the charge of transmission and not including

9 that phrase in the subdivision pertaining to the charge of accessing is clear and should not be ignored.

10    In this case, there is no evidence that any harm occurred by the transmission.

11

12 **C.    The Evidence Is Insufficient to Establish That by Accessing a Computer, Ms. Mangi "Obtained" Information from a Computer as Charged in Count Three.**

13    With respect to Count Three, §1030(a)(2)(C) prohibits unlawfully **obtaining** information from

14 a protected computer.  At trial, the Government argued that simply viewing the CMed database

15 qualified as "obtaining" information.  This is not correct.  This statute does not prohibit simply

16 accessing a protected computer or even browsing the information once accessed.  Information must be

17 obtained from that access.

18    In this case, there is no evidence to suggests that Ms. Mangi printed out, recorded, or

19 used the information she browsed. No rational jury could conclude beyond a reasonable doubt

20 that she intended to use or disclose that information, and merely viewing information should not

21 be deemed the same as obtaining something. *See, e.g.*, *United States v. Czubinski*, 106 F.3d

22 1069, 1078-79 (1st Cir. 1997) (discussing the application of the CFAA in a criminal context to

23 a person convicted for browsing through IRS files but not sending or obtaining that

24 information).

25

26 **D.    Should the Motion for Judgment of Acquittal be Denied, The Motion for New Trial Should be Granted.**

27    As noted in *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992), a district court's

28 power to grant a motion for a new trial is much broader than its power to grant a motion for

1  judgment of acquittal.  Given the above arguments, it would be in the interest of justice to grant

2  Ms. Mangi a new trial.

3                                              **CONCLUSION**

4        For the foregoing reasons, the verdict as to each count should be set aside and a acquittal entered

5  pursuant to Rule 29 of the Federal Rules of Criminal Procedure.  Alternatively, the Court should vacate

6  the judgment and grant a new trial.

7

8  Dated: March 31, 2025                          Respectfully submitted,

9                                                 /s/

10                                                CARLEEN R. ARLIDGE
                                                  Attorney For Defendant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28